APPEAL OF MAY S. YOUNG, EXECUTRIX OF THE ESTATE OF DAVID
G. LEGGETT, DECEASED.

Docket No. 3847.   Submitted July 9, 1925.   Decided December 1, 1925.

The New York transfer tax is deductible from the income of an
estate in the year in which the tax is paid.

*Russell L. Bradford, Esq.*, for the taxpayer.
*E. C. Lake, Esq.*, for the Commissioner.

Before MARQUETTE and MORRIS.

This appeal is from the determination of a deficiency in income
tax for the period from April 27, 1923, to December 31, 1923, inclu-
sive, in the amount of $222,958.15.

Two questions are raised: (1) Whether the amount of $800,000,
paid by the executrix to the State of New York as a transfer tax, is
deductible from the income received by the executrix; and (2)
whether the amounts of rentals and bond interest, which had accrued
during the lifetime of the decedent and were included within the
gross estate of the decedent for Federal estate tax purposes, but were
actually paid to the executrix, should be included within the income
of the executrix.

### FINDINGS OF FACT.

The taxpayer is the duly nominated and appointed executrix
under the will of David G. Leggett, who, at the date of his decease,
was a resident of New York.

Leggett died on April 27, 1923, leaving real and personal prop-
erty within the State of New York having a gross value of $21,104,-
336.84, subject to deductions for New York transfer tax purposes of
$1,056,567.66, or a net estate subject to New York transfer tax of
$20,047,769.18.   Leggett left real estate within the State of New
York of a value of $2,710,400, which, by the ninth clause of his
will, he specifically devised to his nephew, David G. Leggett, and
his niece, Mary S. Young.   Leggett left no real estate within the
State of New York which was not specifically devised as aforesaid.

The executrix, on or about October 24, 1923, paid to the State of
New York, on account of transfer tax against the estate of Leggett,
the sum of $800,000, which constituted a partial payment in advance.

By the fifth clause of his will, Leggett specifically bequeathed
to J. de R. Whitehouse certain jewelry of the value of $750, and by
the ninth clause of his will, he specifically bequeathed to David G.
Leggett, the nephew, certain personal effects of a value of $28,-
046.55, the total value of specific bequests subject to tax being
$28,796.55.

Leggett made no other specific bequests of personalty, except one to Vera Whitehouse of certain jewelry of the value of $500, which bequest was not subject to the New York transfer tax.

The executrix rendered a personal income-tax return for the decedent covering the period from January 1, 1923, to April 27, 1923, and made a return as executrix for the period from April 27, 1923, to and including December 31, 1923. Both returns were made upon a cash receipts and disbursements basis.

In rendering her return as executrix the taxpayer excluded from the report of total income the sum of $11,822.67, which represented rentals accrued to the date of the death of the decedent but not collected until after his death, which accrued rentals were included in the Federal estate-tax return as capital. The executrix also excluded from the report of total income the amount of $33,609.80, which represented interest on bonds which had accrued to the date of the death of the decedent but were not collected until after the death, which accrued interest she also included as capital in the Federal estate-tax return and in the New York transfer-tax return.

The Commissioner included within the income reported by the executrix for the period from April 27, 1923, to December 31, 1923, said amounts of $11,822.67 and $33,609.80, disallowed the deduction of the $800,000 paid to the State of New York as the transfer tax, and determined the net income of the executrix to be $639,627.22, with a resulting deficiency in tax of $222,958.15.

DECISION.

The deficiency determined by the Commissioner is disallowed.

OPINION.

MARQUETTE: That the New York transfer tax, paid during 1923, is deductible from the gross income of the estate for that period was decided in *Appeal of Farmers Loan & Trust Co.*, 3 B. T. A. 97; *Appeal of Edgar Munson*, 3 B. T. A. 185; and *Appeal of Joanna Lovett*, 3 B. T. A. 192. Upon the authority of those decisions the deficiency must be disallowed.

Since the deduction of $800,000 exceeds the entire net income of the estate for the period in 1923, it is unnecessary for us to decide the other questions presented for our consideration.